IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RACHAEL DEMARCUS and ALEXIS SILVER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:21-CV-0380-KD-B ) |
| UNIVERSITY OF SOUTH ALABAMA, ALEXIS MEEKS-RYDELL, JOEL ERDMANN, ROB CHILCOAT, and PATRICIA GANDOLFO, | ) ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANT ALEXIS MEEKS-RYDELL'S RESPONSE TO PLAINTIFFFS' COMPLAINT

Defendant, ALEXIS MEEKS-RYDELL, assigns the following separate and several defenses to Plaintiffs' Complaint.

### FIRST DEFENSE

For response to the separately numbered paragraphs of Plaintiffs' Complaint, Defendant Alexis Meeks Rydell says as follows:

1.  Defendant denies the factual allegations that any blatant sexual harassment, sexual and other physical and emotional assault occurred while she was the Head Coach of the University of South Alabama ("the University") women's volleyball team. Defendant additionally denies that any such alleged activity could have occurred from January 1, 2019 through the 2019-2020 academic school year as neither Plaintiff was enrolled at the University at any time during 2020. Defendant acknowledges this paragraph constitutes Plaintiffs' introduction of the claims made in the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint except she admits on information and belief that the Plaintiffs matriculated to the University in 2018.

3. Defendant denies the allegations contained in paragraph 3 of the Plaintiffs' Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Plaintiffs' Complaint.

5. Defendant Meeks-Rydell lacks sufficient information and knowledge to form a belief to the truth of the allegations contained in paragraph 5 of the Plaintiffs' Complaint and therefore denies same.

6. Paragraph 6 of the Plaintiffs' Complaint contains no factual allegations, and therefore no response is required.

7. Defendant denies that she engaged in any harassment or abuse which caused DeMarcus to transfer from the University. On information and belief, Defendant admits the remaining allegations of paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits that Plaintiff Silver left the University in the Spring of 2019. On information and belief, Defendant admits the remaining of allegations of paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the allegations of paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits the factual allegations of paragraph 10 of Plaintiffs' Complaint and that Plaintiffs are bringing this action against Defendant in her individual and official capacity. Defendant denies that this action is proper against her in her official capacity and has filed a Motion to Dismiss.

11. Defendant admits the allegations of paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits the allegations of paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the allegations of paragraph 13 of Plaintiffs' Complaint

14. Defendant acknowledges Plaintiffs seek relief under Federal law and admits this Court has jurisdiction over this action.

15. Defendant acknowledges Plaintiffs seek relief under Alabama State law and that this Court has supplemental jurisdiction over the State law claims.

16. Defendant admits venue is proper in the United States District Court for the Southern District of Alabama, Southern Division.

17. Defendant admits the allegations of paragraph 17 of Plaintiffs' Complaint.

18. Defendant admits the allegations of paragraph 18 of Plaintiffs' Complaint.

19. Defendant admits that she was hired as an assistant women's volleyball coach at Purdue University but denies that she currently holds this position.

20. Defendant denies the allegations of paragraph 20 of Plaintiffs' Complaint to the extent paragraph 20 alleges she had "full authority to manage" the University's women's volleyball team.  Defendant had no control over the practice schedule in the Spring of 2019 as such schedule was decided along with University administration by the previous coaching team in the Fall of 2018.  Defendant additionally had no control over the conditioning training of the team, nor did she have any ability to manage any team member under care of the team trainer or under the care of a physician.  Further Defendant's authority was controlled by the rule and the regulations of the University and the NCAA.

21. Defendant admits the allegations of paragraph 21 of Plaintiffs' Complaint.

22. Defendant admits the allegations of paragraph 22 of Plaintiffs' Complaint.

23.     Defendant admits that Assistant Coach Patricia Gandolfo joined the University's coaching staff in May 2019 and on information and belief, admits the remaining allegations of paragraph 23 of Plaintiffs' Complaint.

24.     Defendant admits that she held a position of authority among the team members. Defendant admits that she controlled team membership, positions, and playing time to the extent a player was cleared by the team trainer and physicians to play and authorized by University and NCAA Rules and Regulations to play.  Defendant denies she had sole discretion to grant or withhold lucrative scholarships for members of the University's volleyball team.

25.     Defendant denies that beginning "in or about January 2019, [she] had nearly constant contact" with members of the team, supervised daily practice, "hosted numerous mandatory social gatherings for team members and made frequent after-hours contact with team members via telephone, text messages, and/or internet messaging" as alleged in paragraph 25 of Plaintiffs' Complaint.  Defendant admits that as head coach, during portions of the year she had frequent contact with the members of the team, supervised some practice, although she did not control conditioning training, hosted occasional social gatherings, and occasionally had practice contact with team members via telephone, messages and internet message.

26.      Defendant denies the allegations of paragraph 26 of Plaintiffs' Complaint.

27.     Defendant denies the allegations of paragraph 27 of Plaintiffs' Complaint.

28.     Defendant denies the allegations of paragraph 28 of Plaintiffs' Complaint.

29.     Defendant denies the allegations of paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies the allegations of paragraph 30 of Plaintiffs' Complaint.

31.     Defendant denies the allegations of paragraph 31 of Plaintiffs' Complaint.

32.     Defendant denies the allegations of paragraph 32 of Plaintiffs' Complaint.

33.

    a.    Denied..

    b.    Denied.

    c.    Denied.

    d.    Denied.

    e.    Denied.

    f.    Denied.

34. Paragraph 34 of Plaintiffs' Complaint contains no factual allegations against Defendant. Defendant denies she engaged in any abusive conduct.

35. Defendant denies the allegations of paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations of paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the allegations of paragraph 37 of Plaintiffs' Complaint.

38. In response to paragraph 38 of the Complaint, Defendant adopts and incorporates its responses to paragraphs 1 through 37 of Plaintiffs' Complaint hereinabove.

39. Defendant denies the allegations of paragraph 39 of Plaintiffs' Complaint.

40. Defendant denies that Defendant "routinely became angry at Plaintiff DeMarcus for not reciprocating the type of relationship Meeks-Rydell sought with Plaintiff DeMarcus," and further denies that the quoted text message in any way supports that allegation. .

41. Defendant denies that Defendant sent "inappropriate and harassing texts from Meeks-Rydell, including Meeks-Rydell demanding Plaintiff DeMarcus to have a relationship with Meeks-Rydell and to tell Meeks-Rydell that she loves her," and further denies that the quoted texts messages support that allegation.

42. Defendant denies the allegations of paragraph 42 of Plaintiffs' Complaint, except Defendant admits Plaintiff DeMarcus suffered a high ankle sprain which required Plaintiff to wear a stabilizing boot and use crutches.

43. Defendant denies the allegations of paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations of paragraph 44 of Plaintiffs' Complaint.

45. Defendant denies the allegations of paragraph 45 of Plaintiffs' Complaint.

46. Admitted.

47. Defendant admits that during the first game DeMarcus collided with a player from the opposing team. Defendant denies the remainder of the allegations of paragraph 47 of Plaintiffs' Complaint.

48. Defendant denies the allegations of paragraph 48 of Plaintiffs' Complaint.

49. Defendant denies the allegations of paragraph 49 of Plaintiffs' Complaint.

50. Defendant denies the athletic trainer told her during the course of the game that Plaintiff DeMarcus suffered a concussion as alleged in paragraph 50 of Plaintiffs' Complaint.

51. Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations in paragraph 51 of Plaintiffs' Complaint and therefore denies same.

52. Defendant denies the allegations of paragraph 52 of Plaintiffs' Complaint but admits she was told Plaintiff DeMarcus has Supra Ventricular Tachycardia.

53. Defendant denies the allegations of paragraph 53 of Plaintiffs' Complaint.

54. Defendant denies the allegations of paragraph 54 of Plaintiffs' Complaint.

55. Defendant denies the allegations of paragraph 55 of Plaintiffs' Complaint except Defendant admits Plaintiff DeMarcus wore a heart monitor and took a break from volleyball. On information and belief, Defendant admits Plaintiff DeMarcus had an ablation procedure.

56. Defendant denies the allegations of paragraph 56 of Plaintiffs' Complaint.

57. Defendant admits the allegations of Paragraph 57 of Plaintiffs' Complaint.

58. In response to paragraph 58 of the Complaint, Defendant adopts and incorporates its response to paragraphs 1 through 58 of Plaintiffs' Complaint herein.

59. Defendant denies the allegations of paragraph 59 of Plaintiffs' Complaint.

60. Defendant denies the allegations of paragraph 60 of Plaintiffs' Complaint.

61. Defendant denies the allegations of paragraph 61 of Plaintiffs' Complaint.

62. Defendant denies the allegations of paragraph 62 of Plaintiffs' Complaint but admits Plaintiff Silver was removed from the volleyball team.

63. Defendant denies the allegations of paragraph 63 of Plaintiffs' Complaint.

64. Defendant denies the allegations of paragraph 64. of Plaintiffs' Complaint.

65. Paragraph 65 of Plaintiff's Complaint relates to the knowledge of Defendants other than Defendant Meeks-Rydell.  To the extent paragraph 65 alleges Defendant Meeks-Rydell engaged in any inappropriate or abusive conduct, Defendant Meeks-Rydell denies the allegations of paragraph 65 of Plaintiffs' Complaint.

66. Defendant denies the allegation of paragraph 66 of Plaintiffs' Complaint. Meeks-Meeks-

67. Defendant lacks sufficient information and knowledge to form a belief as to the truth of paragraph 67 of Plaintiffs' Complaint and therefore denies same.

68. Paragraph 68 of Plaintiffs' Complaint contains no factual allegations against Defendant Meeks-Rydell and Defendant does not believe a response is required.  To the extent paragraph 68 alleges Defendant Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant Meeks-Rydell denies the allegations of Plaintiffs' Complaint.

69.     Paragraph 69 of Plaintiffs' Complaint contains no factual allegations against Defendant Meeks-Rydell and Defendant does not believe a response is required. To the extent paragraph 69 alleges Defendant Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant Meeks-Rydell denies the allegations of Plaintiffs' Complaint.

70.     Paragraph 70 of Plaintiffs' Complaint contains no factual allegations against Defendant Meeks-Rydell and Defendant does not believe a response is required. To the extent paragraph 70 alleges Defendant Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant Meeks-Rydell denies the allegations of Plaintiffs' Complaint.

71.     Paragraph 71 of Plaintiffs' Complaint contains no factual allegations against Defendant Meeks-Rydell and Defendant does not believe a response is required. To the extent paragraph 71 alleges Defendant Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant Meeks-Rydell denies the allegations of Plaintiffs' Complaint.

72.     Paragraph 72 of Plaintiffs' Complaint contains no factual allegations against Defendant Meeks-Rydell and Defendant does not believe a response is required. To the extent paragraph 72 alleges Defendant Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant Meeks-Rydell denies the allegations of Plaintiffs' Complaint.

73.     Paragraph 73 of Plaintiffs' Complaint contains no factual allegations against Defendant Meeks-Rydell and Defendant does not believe a response is required. To the extent paragraph 73 alleges Defendant Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant Meeks-Rydell denies the allegations of Plaintiffs' Complaint.

## CAUSES OF ACTION
### COUNT I

Paragraphs 74-85 of Plaintiffs' Complaint do not allege a cause of action against the Defendant Meeks-Rydell. As such, Defendant Meeks-Rydell does not believe a response is required. To the extent paragraphs 74-85 of the Complaint contain allegations Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant denies the allegations of paragraphs 74-85 of Plaintiffs' Complaint.

### COUNT II

Paragraphs 86-94 of Plaintiffs' Complaint do not allege a cause of action against the Defendant Meeks-Rydell. As such, Defendant Meeks-Rydell does not believe a response is required. To the extent paragraphs 86-94 of the Complaint contain allegations Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant denies the allegations of paragraphs 86-94 of Plaintiffs' Complaint.

### COUNT III

Paragraphs 95-106 of Plaintiffs' Complaint do not allege a cause of action against the Defendant Meeks-Rydell. As such, Defendant Meeks-Rydell does not believe a response is required. To the extent paragraphs 95-106 of the Complaint contain allegations Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant denies the allegations of paragraphs 95-106 of Plaintiffs' Complaint.

### COUNT IV

107. In response to paragraph 107 of Plaintiffs' Complaint, Defendant adopts and incorporates by reference her response to paragraphs 1 through 106 of Plaintiffs' Complaint herein.

108. Paragraph 108 of Plaintiffs' Complaint appears to be a statement of law and additionally does not related to Defendant. Defendant does not believe a response is required.

109. Defendant denies the allegations of paragraph 109 of Plaintiffs' Complaint.

110. Defendant denies the allegations of paragraph 110 of Plaintiffs' Complaint.

111. Defendant denies the allegations of paragraph 111 of Plaintiffs' Complaint.

112. Defendant denies the allegations of paragraph 112 of Plaintiffs' Complaint.

113. Defendant denies the allegations of paragraph 113 of Plaintiffs' Complaint.

## COUNT V

114-118. Defendant has contemporaneously filed a Motion to Dismiss this count of Plaintiffs' Complaint.

## COUNT VI

119-125. Defendant has contemporaneously filed a Motion to Dismiss this count of Plaintiffs' Complaint.

## COUNT VII

Paragraphs 126-134 of Plaintiffs' Complaint do not allege a cause of action against the Defendant Meeks-Rydell. As such, Defendant Meeks-Rydell does not believe a response is required. To the extent paragraphs 126-134 of the Complaint contain allegations Meeks-Rydell engaged in inappropriate or abusive conduct, Defendant denies the allegations of paragraphs 126-134 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, paragraphs A through H, Defendant denies that Plaintiffs are entitled to the relief requested or any relief.

## SECOND DEFENSE

Defendant Meeks-Rydell denies each allegation of Plaintiffs' Complaint not specifically admitted herein.

## THIRD DEFENSE

Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Defendant is not guilty of the matters and things alleged by Plaintiffs in their Complaint.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the statute of limitations.

## SIXTH DEFENSE

Plaintiffs' claims are barred or limited by laches.

## SEVENTH DEFENSE

Plaintiffs' claims are barred or limited by unclean hands.

## EIGHTH DEFENSE

Plaintiffs have failed to mitigate the consequences of the actions of which they complain.

## NINETH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**TENTH DEFENSE**

Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

**ELEVENTH DEFENSE**

Plaintiffs claim for punitive damages under Alabama Law cannot be sustained under the Constitution of the United States or the State of Alabama.

**TWELFTH DEFENSE**

Defendant is entitled to qualified immunity with respect to the claims against her and pursuant to Article 1, Section 14 to the Alabama Constitution.

**THIRTEENTH DEFENSE**

Defendant reserves the right to amend this answer to add such other defenses as may be available under the circumstances.

    **/s/ CELIA J. COLLINS**
    **CELIA J. COLLINS    (COLLC1368)**
    *ELIZABETH DARBY REHM (***REHME4348***)*
    *Attorneys for Defendant,*
    *ALEXIS MEEKS-RYDELL*

**OF COUNSEL:**

JOHNSTONE ADAM LLC
1 St. Louis Centre
1 St. Louis Street, Ste. 4000
Mobile, AL  36602
(251) 432-7682
cjc@johnstoneadams.com
edr@johnstoneadams.com

## CERTIFICATE OF SERVICE

      I do hereby certify that on this 19th day of November, 2021, the foregoing document was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following counsel of record:

Diandra S. Debrosse Zimmerman, Esquire
Eli J. Hare, Esquire
DICELLO LEVITT GUTZLER, LLP
420 20th Street North, Ste. 2525
Birmingham, AL 35203
fu@dicellolevitt.com
ehare@dicellolevitt.com

Kenneth P. Abbarno, Esquire
DICELLO LEVITT GUTZLER, LLP
Western Reserve Law Building
7556 Mentor Avenue
Mentor, OH 44060
kabbarno@dicellolevitt.com

Windy C. Bitzer, Esquire
Christine Harding Hart, Esquire
HAND ARENDALL HARRISON SALE, LLC
Post Office Box 123
Mobile, AL 36601
wbitzer@handfirm.com
chart@handfirm.com

Mary E. Pilcher, Esquire
STEIN & PILCHER, LLC
Post Office Box 602
Fairhope, AL 36533-0602
mpilcher@mobilebaylaw.com

                    **/s/ CELIA J. COLLINS**
                    **CELIA J. COLLINS**