# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RACHAEL DEMARCUS, *et al.*, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 1:21-00380-KD-N |
| UNIVERSITY OF SOUTH ALABAMA, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## Order

This matter is before the Court on the Motion for Leave to Proceed Anonymously (Doc. 30) by Plaintiffs Jane Doe 1 and Jane Doe 2; Responses by Defendants Robert Chilcoat, Joel Erdmann, Patricia Gandolfo, University of South Alabama and Alexis Meeks-Rydell (Docs. 37, 38); and Plaintiffs' Reply (Doc. 45).

"Federal Rule of Civil Procedure 10(a) requires that 'every pleading' in federal court 'must name all the parties.' Fed. R. Civ. P. 10(a). Although this creates a 'strong presumption in favor of parties proceeding in their own names ... the rule is not absolute.'" Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011)). "A party may proceed anonymously by establishing 'a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.''" Neverson, 820 F. App'x at 986 (citations omitted).

A totality of the circumstances analyses is used in determining whether a plaintiff has a substantial privacy right that trumps the norm of open disclosure. See In re: Chiquita Brands Int'l, Inc., 965 F.3d 1238, 1247 (11th Cir. 2020) (Citing Francis, 631 F.3d at 1316). The first step in making this determination requires analyzing three factors initially annunciated in S.

Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 708 (5th Cir. 1979): "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" Francis, 631 F.3d at 1316; see also Neverson, 820 Fed. Appx. 986 (same).

Plaintiffs Jane Doe 1 and Jane Doe 2 argue only the second factor applies here: that they will be disclosing information of the utmost intimacy. (Doc. 30 at 2). Jane Doe 1 and Jane Doe 2 argue information of the utmost intimacy will be disclosed since their claims involve allegations of physical, verbal, and psychological abuse amounting to sexual harassment and assault. (Doc. 30 at 2). More specifically, allegations of their former volleyball coach, Defendant Meeks-Rydell, physically touching them and requiring them to tell her they love her.[1]

However, "[t]he 'information of utmost intimacy' standard applies to cases involving issues such as abortion, Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001), and prayer and personal religious beliefs, Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981). On the other hand, courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.' Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)." Francis, 631 F.3d at 1316. Thus, Jane Doe 1 and Jane Doe 2's claims involving physical, verbal, and psychological abuse allegedly amounting to sexual assault do not satisfy the utmost intimacy standard.

---

[1] Jane Doe 2 alleges that she was told to lay in bed with Defendant Meeks-Rydell and lay her head on Defendant's breasts to use as pillows, and that she was forced to sleep in Defendant Meeks-Rydell's bed while dog sitting. (Doc. 31 at 30).

Next, the Court is required to consider: "whether the plaintiffs were minors, [] whether they were threatened with violence or physical harm by proceeding in their own names, [] and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Francis, 631 F.3d at 1316 (citations omitted); see also In re: Chiquita Brands Int'l, Inc., 965 F.3d at 1247 (same).

First, the Court notes that Jane Doe 1 and Jane Doe 2 are not minors, as they are 20 and 21 respectively. (Doc. 31 at 4). Nor has any evidence been submitted suggesting they would be threatened with violence or physical harm if they were to proceed in their own names.[2]

Jane Doe 1 and Jane Doe 2 argue that they "are uniquely situated because they are currently active students at University of South Alabama and revealing their identity may subject them to unnecessary retaliation and humiliation." (Doc. 30 at 3). Jane Doe 1 and Jane Doe 2 assert they allegedly "face a high risk of humiliation, embarrassment, and retaliation at the hands of Defendants, the University [of South Alabama] and Erdmann, Frisbey, and Moore – all of which whom remain in active roles with the University's athletic department." (Doc. 45 at 3-4). But in making this argument, Jane Doe 1 and Jane Doe 2 state that they "are willing to provide their full names to Defendants, subject to a protective order that prohibits disclosure to any non-parties, at the appropriate stage of this litigation." (Doc. 45 at 5). Thus, since the Defendants would eventually learn the Plaintiffs' identities, the possibility of retaliation at the "hands of Defendants" remains.

---

[2] The question of fundamental unfairness does not need to be addressed. See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) ("With no matters of 'utmost intimacy' or risk of 'bodily harm' present in the case, the district court did not abuse its discretion in denying Doe's motion to proceed anonymously.").

The Court agrees that information amounting to alleged sexual assault and harassment has the potential to cause embarrassment, but the 11th Circuit consistently "has said 'personal embarrassment' alone is not enough for leave to proceed anonymously." <u>Doe v. Sheely</u>, 781 F. App'x 972, 974 (11th Cir. 2019) (citing <u>Frank</u>, 951 F.2d at 324). Consequently, the potential embarrassment that may stem from Jane Doe 1 and Jane Doe 2's identities being public is not sufficient grounds to outweigh the constitutionally-embedded presumption of openness.

## Conclusion

Plaintiff Jane Doe 1 and Jane Doe 2's Motion for Leave to Proceed Anonymously (Doc. 30) is **DENIED**. Accordingly, Plaintiffs are **ORDERED** to amend their Complaint by February 22, 2022, to include the identities of the Jane Doe Plaintiffs.

**DONE** and **ORDERED** this 8th day of **February 2022**.

 /s/ **Kristi K DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**