# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RACHEL DEMARCUS, ALEXIS SILVER, CAITLIN TIPPING, MEAGHAN JONES, HANNAH KAZEE, HANNAH JOHNSON, HANNAH MADDUX, and MADDIE SOBOLESKI** | * * * * * * * |
| **Plaintiffs,** | * **CIVIL ACTION NO.:** * **1:21-CV-00380-KD-B** |
| v. | * * |
| **UNIVERSITY OF SOUTH ALABAMA, ALEXIS MEEKS-RYDELL, JOEL ERDMANNN, ROB CHILCOAT, PATRICIA GANDOLFO, JINNI FRISBEY, and CHRIS MOORE,** | * * * * * |
| **Defendants.** | * |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants Jinni Frisbey and Chris Moore (hereinafter "Defendants" or "Frisbey and Moore") reply in support of their Motion to Dismiss the Amended Complaint (Doc. 52).[1] The Plaintiffs' factual allegations against Frisbey and Moore, which do not go beyond knowledge and indifference to Meeks-Rydell's conduct, do not state a claim against them for a violation of § 1983, assault and battery, invasion of privacy, or intentional infliction of emotional distress. And even so, Frisbey and Moore are entitled to qualified immunity and State immunity. Finally, all but one

---

[1] All Defendants moved to dismiss the amended complaint before the Plaintiffs filed their second amended complaint as ordered by the Court to identify the names of Jane Doe 1 and Jane Doe 2 as Hannah Maddux and Maddie Soboleski, respectively. (Docs. 42, 46, 51, 52, 55.) As represented by Plaintiffs, no other changes were made to the Second Amended Complaint. (See Doc. 55, PageID.414, n.3.) Therefore, the arguments set forth in the Defendants' motion to dismiss the amended complaint briefing apply equally to the second amended complaint.

of Silver's claims are due to be dismissed because she cannot dispute that the statute of limitations has run on those claims.

I.  **Plaintiffs Fail to State a § 1983 Claim For Invasion of Bodily Integrity Against Frisbey and Moore (Count II).**

Plaintiffs seem to argue that there is a different standard for a violation of § 1983 for an invasion of bodily integrity when the underlying actor is a private actor. Although the *University of Huntsville* case acknowledged that the alleged assault on the plaintiff was carried out by a private actor, and not a state official, it did not articulate a distinct standard, but rather an application of the rule that "[t]here is no due process obligation that requires a State to ensure the plaintiff's security against harm from a third person." *Doe v. Univ. of Ala. in Huntsville*, 177 F. Supp. 3d 1380, 1396-97 (N.D. Ala. 2016) (citing *Mitchell v. Duval County Sch. Bd.*, 107 F.3d 837, 838 (11th Cir. 1997)). This principle applies here, where the allegations are against a third person, Meeks-Rydell, and the other individual Defendants cannot be held liable because they did not engage in any affirmative actions against the Plaintiffs.

Regardless, Plaintiffs and Defendants cite *Neal ex rel. Neal v. Fulton County Board of Education*, 229 F.3d 1069, 1075 (11th Cir. 2000), which states that, "at a minimum, the plaintiff must allege facts demonstrating that (1) a school official intentionally used an amount of force that was obviously excessive under the circumstances, and (2) the force used presented a reasonably foreseeable risk of serious bodily injury." Here, it does not matter whether the actor engaging in the abusive conduct is a private party or a state actor. Frisbey and Moore cannot be held liable for the actions of another because in order to state a claim under § 1983 for an invasion of bodily integrity, there has to be an allegation that the specific defendant engaged in the physical conduct at issue. This is similar to *Giordano v. School Board of Lee County, Florida*, No. 2:19-cv-439-FtM-99NPM, 2020 WL 32957, at *6 (M.D. Fla. Jan. 2, 2020) in which the § 1983 claim against a

high school coach was dismissed because there was no allegation that he specifically engaged in physical conduct or acted with an intent to punish or injure the minor child during practice, even though it was alleged that he threatened to dismiss players who took breaks from practice. Likewise, in *Davis v. Carter*, 555 F.3d 979, 984 (11th Cir. 2009), *overruled in part on other grounds, Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010), another case involving a minor student's death after a football team workout, the Eleventh Circuit explicitly stated that "in this [high] school setting case, the complaint's allegations of deliberate indifference, without more, do not rise to the conscience shocking level required for a constitutional violation."

Plaintiffs nevertheless argue that allegations of deliberate indifference are sufficient, citing *Doe v. School Board of Broward County, Florida*, 604 F.3d 1248 (11th Cir. 2010). That case did not involve a claim for § 1983 liability based on a violation of bodily integrity, like this case does, but rather a violation of the plaintiff's right not to be sexually abused, which was not alleged in the amended complaint. *Id*. at 1265-66 (Doc. 31, PageID.188-189, and Doc. 55, PageID.449-451). The latter has its own elements, as set forth in Plaintiffs' response brief, that when the defendant does not participate in the sexual assault, he can only be liable if he "personally participates in the alleged constitutional violation" or "there is a casual connection between actions of the supervising official and the alleged constitutional deprivation." *Id*. at 1266. Further, "[t]his requisite causal connection can be established in the following circumstances: (1) when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or (2) when a supervisor's improper custom or policy results in deliberate indifference to constitutional rights. For a history of abuse to be sufficiently widespread to put a supervisor on notice, <u>the abuse must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences</u>." *Id*. (internal quotation marks and citations omitted) (emphasis

3

added). Assuming Plaintiffs adequately pled a § 1983 claim for sexual abuse (rather than solely the invasion of bodily integrity), Plaintiffs in this case do not allege that there was any personal participation by Frisbey or Moore, nor do they allege that they had knowledge of rampant abusive conduct of continued duration. *Id*. (finding that two complaints did not rise to the level of sexual harassment that was "obvious, flagrant, rampant and of continued duration"). And they do not allege that there was a causal connection between their actions and Meeks-Rydell's, or any sort of "policy" consistent with this conduct. At best the Plaintiffs allege that Frisbey and Moore knew and were indifferent to isolated incidents involving the volleyball team, which is not sufficient to state a claim for a constitutional violation. *Id*. at 1266.[2]

Finally, Plaintiffs argue that the "wrong," defined as an invasion of bodily integrity or being subject to sexual abuse, was clearly established and therefore the individual Defendants are not entitled to qualified immunity. While an underlying wrong by the actor engaging in the unlawful physical conduct may be clearly established, that holding does not extend to a non-actor who, at most, had knowledge of the violation and was deliberately indifferent. *See, e.g.*, *Giordano*, 2020 WL 32957, at *6 (dismissing claim against coach who subjected decedent to rigorous exercise and failed to promptly obtain medical attention because there was no physical affirmative

---

[2] Throughout their response brief Plaintiffs conflate what they experienced with what they reported or what the individual Defendants had knowledge of, instead assuming that all of the Defendants had knowledge of every alleged incident, whether it occurred privately or at practice, or whether it was reported or left unreported. (Doc. 57, PageID.482-484.)  Moreover, Plaintiffs cannot rely on alleged "inappropriate conduct" by the "prior coaching regime" and Frisbey's knowledge and response to that regime to have actual knowledge of Meeks-Rydell's alleged subsequent conduct. Not only is such prior conduct not alleged to be sexual in nature, but there cannot be an inference drawn between the actions of the prior University of South Alabama coach and Meeks-Rydell. Such a "heightened duty" because of prior unrelated conduct does not exist and is contrary to "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate [which] is extremely rigorous." *Doe v. Sch. Bd. of Broward County, Fla.*, 604 F.3d at 1266 (quoting *Braddy v. Fla. Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)) (emphasis added).

act). Therefore, Frisbey and Moore are entitled to a dismissal of the § 1983 claim against them, whether for failure to state a claim or because they are entitled to qualified immunity.

Moreover, Plaintiffs state that they plausibly alleged an official capacity claim against Frisbey and Moore for a violation of § 1983 "for prospective changes to the University's policies and procedures with respect to investigating and preventing sexual harassment, assault, and other inappropriate conduct." (Doc. 57, PageID.486-487.) However, that relief is not sought in the amended complaint or the second amended complaint. The Plaintiffs do not allege that there are any University policies or procedures that are defective or otherwise need to change. And neither the § 1983 prayer for relief nor the conclusory prayer for relief includes any request for prospective injunctive relief. (Doc. 31, PageID.190, 198-199; Doc. 55, PageID.451, 460-461.) Therefore, Plaintiffs have failed to state such a claim.

## II. Plaintiffs Fail to State a Claim Against Frisbey and Moore for Assault and Battery, Invasion of Privacy, and Intentional Infliction of Emotional Distress (outrage) (Counts IV, V, and VI).

Plaintiffs do not dispute that Frisbey and Moore did not personally engage in the tortious actions alleged. Instead, Plaintiffs assert that there was a "special relationship" between Meeks-Rydell and Frisbey and Moore such that Frisbey and Moore should be held liable for Meeks-Rydell's intentional torts. (Doc. 57, PageID.487-488.)  However, as set forth in the motion, Plaintiffs cannot allege a special relationship or special circumstances here because there is no criminal conduct alleged, but if there were, criminal conduct was not foreseeable, there was no "specialized knowledge" of criminal activity, and the criminal conduct was not one of *probability*. *Id*. Unlike in *Robinson v. Montgomery County Board of Education*, No. 2:15-cv-924-WKW, 2021 WL 3200988, at *3 (M.D. Ala. July 28, 2021), in which the middle school principal and assistant principal are alleged to have been told of a student being raped, Plaintiffs have not alleged that

they told Frisbey and Moore about any criminal activity, or that they otherwise witnessed it. And unlike in *Gowens v. Cappella University, Inc.*, No. 4:19-CV-362-CLM, 2020 WL 10180670 (N.D. Ala. June 9, 2020), in which the private college itself was sued for the torts of its employees, here the Plaintiffs in this case are trying to hold other University employees personally liable for the torts of a co-worker.

Plaintiffs provided no substantive response to the fact that "no authority exists for the proposition that liability for an employee's alleged tortious acts may be imputed to an *individual supervisor* or *co-employee*, who merely ratifies" the alleged acts of another employee. *Lynn v. United Technologies Corp., Inc.*, 916 F. Supp. 1217, 1220 (M.D. Ala. 1996) (dismissing assault and battery, invasion of privacy and outrage claims against co-worker) (emphasis in original); Doc. 42, PageID.251-254. Therefore, such claims are due to be dismissed for failure to state a claim.

### III. Frisbey and Moore are Immune from the State Law Claims.

Frisbey and Moore do not seek "qualified immunity" from the state law claims,[3] but rather "State immunity or State-agent immunity" from Plaintiffs' state law claims, under Alabama precedent set forth in *Barnhart v. Ingalls*, 275 So. 3d 1112, 1125–27 (Ala. 2018).[4] Although *Barnhart* included claims seeking state officials to be compelled to perform their legal duties in their official capacity, it also involved claims for negligence and breach of fiduciary duty, and the Alabama Supreme Court found that:

> the duties allegedly breached by the [defendants] were owed to the [plaintiffs] only because of the positions the [defendants] held and that the [defendants] were, accordingly, acting only in their official capacities when they allegedly breached those duties by failing to give effect to the benefit statutes. Stated another way, the [defendants] had no duties in their individual capacities to give effect to the benefit

---

[3] Qualified immunity applies to claims brought under federal law.
[4] As stated in the motion to dismiss, Plaintiffs do not specify whether they have sued Frisbey and Moore, who are current State employees, in their official capacities, individual capacities, or both.

statutes; rather, any duties they had in that regard existed solely because of their official positions in which they acted for the State.

*Barnhart*, 275 So. 3d at 1126;[5] *see also Doe v. Huntsville City Sch. Bd. of Educ.*, 546 F. Supp. 3d 1043, 1052 (N.D. Ala. 2021) ("When a plaintiff must demonstrate that a government official owed a duty to him, the claim likely is against the State if the duty arises only from the defendant's position as a state officer."). Here, Plaintiffs do not allege that Frisbey or Moore personally engaged in assault or battery, invasion of privacy, or intentional infliction of emotional distress, but rather, *because of their position* that they had a duty to and failed to act upon notice of Meeks-Rydell's conduct. Such a duty, arising from their position, renders the claim as being one against the State and for which the individual Defendants are immune. *Id.*; *Ex parte Cooper*, No. 1200269, __ So. 3d __, 2021 WL 4471018 (Ala. Sept. 30, 2021) (claim is one against the State when the duty exists solely because of defendant's official position) (granting petition for writ of mandamus to dismiss claim).

Plaintiffs argue that the court should apply the holding in *Robinson v. Montgomery County Board of Education*, 2021 WL 3200988, at *3, that *Barnhart* does not apply because the plaintiffs had a duty as private citizens by virtue of their special relationship or circumstances. But again, as set forth above, these claims do not give rise to application of "special circumstances," nor do they alter the fact that what is alleged against Frisbey and Moore can only be a breach because of

---

[5] Plaintiffs argue that they can still apply the "bad faith" exception, but that exception is "subject to the limitation that the action not be, in effect, one against the State." *Barnhart*, 275 So. 2d at 1125 (citing *Ex parte Moulton*, 116 So. 3d 1119, 1141 (Ala. 2013)); *see also Ex parte Cooper*, No. 1200269, __ So. 3d __, 2021 WL 4471018, at *2 (Ala. Sept. 30, 2021) ("allegations that a State officer or employee acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law do not circumvent State immunity under § 14 when the claim is, in effect, one against the State (i.e., actually an official-capacity claim).") Here, the action is against the State because any duty Frisbey and Moore owed was due to their positions.

7

their positions at the University. Unlike in *Robinson*,[6] where the court found that the principal could be liable as a private citizen for negligence for failing to protect a child from criminal conduct (and for acting inappropriately in statements to the plaintiff in the aftermath of the incident), as private citizens, Frisbey and Moore would not be held liable for civil assault and battery, invasion of privacy, or intentional affliction of emotional distress solely because of their knowledge of the conduct of a third party. Therefore, Frisbey and Moore are immune from Plaintiffs' state law tort claims.

**IV.    All But One of Alexis Silver's Claims Are Due to Be Dismissed.**

Silver does not dispute as a factual matter that all but one of her claims are barred by the statute of limitations, nor suggest that she can allege facts (or establish facts in discovery) which would bring her claims within the statute of limitations. Instead, she simply argues that dismissal of her claims at this stage is premature and she is entitled to some discovery on the matter. (Doc. 57, PageID.490-491.) The amended complaint alleges that she transferred from the University in 2019, conspicuously omitting the month of that transfer (Doc. 31, PageID.156 ¶ 8; *see also* Doc. 55, PageID.417 ¶ 8), even though the facts establishing the precise timing of her transfer are within her own personal knowledge and control, and even after the other Defendants raised this statute of limitations argument in their initial motions to dismiss. (Docs. 12 & 27.) Therefore, her amended complaint on its face fails to allege facts showing that her claims fall within the two-year statutes of limitation in this case, given that the complaint was filed on August 31, 2021.[7] *Tannehill v.*

---

[6] The undersigned doubts that the Alabama Supreme Court would conclude that, under the facts of *Robinson*, the assistant principal was not entitled to immunity because the special circumstances or special relationship that gave rise to his legal duty only arose due to his official position at the school. In any event, that opinion is at best persuasive authority involving different facts and causes of action that are distinguishable from this case.

[7] Silver does not contest the length of the statute of limitations for her claims as set forth by Defendants. (Doc. 52, PageID.398.)

*Wilkie*, No. 20-105-TFM-C, 2021 WL 1624275, at *5 (S.D. Ala. Jan. 25, 2021) ("A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted . . . if it is apparent from the face of the complaint that the claim is time-barred.") The Declaration of Joel Erdmann serves to further show that her departure from the University occurred in <u>early May 2019</u>, clearly more than two years before this complaint was filed. (Doc. 42-1, PageID.261, ¶ 2.) Silver does not dispute the facts in Erdmann's declaration and has not demonstrated how any discovery regarding the matter would materially alter the fact (which she cannot dispute) that her withdrawal from the University occurred more than two years prior to this lawsuit being filed. Therefore, at the very least the Court may convert this motion to a motion for summary judgment on this issue and provide the 10-day notice to Silver to allow her one more opportunity to present evidence in opposition to the motion. *Poulsen v. Publix Super Markets, Inc.*, 302 F. App'x 906, 908 (11th Cir. 2008). But the Court may also conclude that, on the face of the complaint, Silver has failed to allege that all except one of her claims are timely.

## **CONCLUSION**

For the reasons stated in Defendants' motion to dismiss and this reply, Frisbey and Moore's Motion to Dismiss is due to be granted and Plaintiffs' Amended Complaint and Second Amended Complaint are due to be dismissed.

Defendants further request that the Court not grant Plaintiffs' request in their response brief for leave to file another amended complaint. The other Defendants raised these same issues in their initial motion to dismiss (Doc. 12), and Plaintiffs had an opportunity to address these issues in their amended complaint, which is now the subject of this motion. Rule 15(a)(2) states that the Court should allow a party to amend its pleading "when justice so requires," but "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive,

or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, given the Plaintiffs' failure to cure the deficiencies in its pleading when given the opportunity, it is within the Court's discretion to dismiss Plaintiffs' claims with prejudice.

                Respectfully submitted,

                *s/ Christine Harding Hart*
                WINDY C. BITZER (BITZW3715)
                CHRISTINE HARDING HART (HARTC5687)
                *Attorneys for Defendants University of South Alabama, Joel Erdmann, Rob Chilcoat, Patricia Gandolfo, Jinni Frisbey, and Chris Moore*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
wbitzer@handfirm.com
chart@handfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 21, 2022, the foregoing document was filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following counsel of record:

Diandra S. Debrosse Zimmerman, Esq.
Eli J. Hare, Esq.
DiCello Levitt Gutzler LLC
420 20th Street North, Suite 2525
Birmingham, Alabama 35203
fu@dicellolevitt.com
ehare@dicellolevitt.com

Kenneth P. Abbarno, Esq.
DiCello Levitt Gutzler LLC
Western Reserve Law Building
7556 Mentor Avenue
Mentor, OH 44060
kabbarno@dicellolevitt.com

Celia J. Collins, Esq.
Elizabeth Rehm, Esq.
Johnstone Adams LLC
1 St. Louis Centre
1 St. Louis Street, Suite 4000
Mobile, Alabama 36602
cjc@johnstoneadams.com
edr@johnstoneadams.com

Mary E. Pilcher, Esq.
Stein & Pilcher, LLC
P. O. Box 602
Fairhope, Alabama 36533-0602
Mpilcher@mobilebaylaw.com

                                              *s/ Christine Harding Hart*