# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RACHAEL DEMARCUS, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | * CIVIL ACTION NO. 21-00380-KD-B |
| | * |
| UNIVERSITY OF SOUTH ALABAMA, | * |
| *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants' motions to dismiss (Docs. 41, 42, 52). Upon review, the Court finds that it cannot properly evaluate and rule on the motions because Plaintiffs' second amended complaint is a shotgun pleading. Therefore, the undersigned recommends, for the reasons stated herein, that the motions to dismiss be **DENIED without prejudice as moot**, that the second amended complaint be **DISMISSED without prejudice** as a shotgun pleading, and that Plaintiffs be ordered to file a third amended complaint that is not a shotgun pleading.

I. **BACKGROUND**

Plaintiffs Rachael DeMarcus and Alexis Silver initiated this action by filing a complaint against Defendants University of South Alabama, Alexis Meeks-Rydell, Joel Erdmann, Rob Chilcoat, and Patricia Gandolfo, raising claims based on an alleged "pattern and practice of blatant sexual harassment and sexual and other physical

and emotional assault by Defendant Meeks-Rydell" during her time as the head women's volleyball coach at the University of South Alabama. (Doc. 1).

Defendants moved to dismiss the complaint, and the Court ordered Plaintiffs to file an amended complaint or other response to the motions to dismiss by December 17, 2021. (Docs. 12, 26, 27). On December 17, 2021, Plaintiffs Demarcus, Silver, Caitlin Tipping, Meaghan Jones, Hannah Kazee, Hannah Johnson, Jane Doe 1, and Jane Doe 2 filed a first amended complaint against Defendants University of South Alabama, Meeks-Rydell, Erdmann, Chilcoat, Gandolfo, Jinni Frisbey, and Chris Moore. (Doc. 31).

On January 14, 2022, Defendant Meeks-Rydell filed an answer and a partial motion to dismiss the first amended complaint. (Docs. 41, 43). Defendants University of South Alabama, Erdmann, Chilcoat, and Gandolfo also filed a motion to dismiss the first amended complaint on that date. (Doc. 42). On February 18, 2022, Defendants Frisbey and Moore filed a motion to dismiss the first amended complaint. (Doc. 52).

On February 8, 2022, the Court ordered Plaintiffs to amend their complaint by February 22, 2022, to include the identities of the Jane Doe Plaintiffs. (Doc. 46). On February 22, 2022, Plaintiffs filed a second amended complaint, which they noted is identical to their first amended complaint, except that it identifies the Jane Doe Plaintiffs as Hannah Maddux and Maddie

Soboleski. (Doc. 55). Because the second amended complaint is substantively identical to the first amended complaint, the Court informed the parties that it would treat the pending motions to dismiss the first amended complaint as applying to the operative second amended complaint. (See Doc. 56).

## II. DISCUSSION

Having reviewed the second amended complaint ("complaint") at length, the undersigned finds that it is an impermissible shotgun pleading, and that the Court cannot adequately address the merits of the motions to dismiss until Plaintiffs have cured their pleading deficiencies.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). "[T]his rule aims to enable the responding party to identify the pleader's claim, frame a responsive pleading, and to permit the court to determine which facts are intended to support which claims." Pouyeh v. Pub. Health Tr. of Jackson Health Sys., 832 F. App'x 616, 622-23 (11th Cir. 2020) (per curiam).

Rule 10(b) further provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Id.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has roughly identified four broad categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See id. at 1321-23. Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or

4

another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

"When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); see also Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (per curiam) (noting that the Eleventh Circuit has "held that district courts confronted by [shotgun pleadings] have the inherent authority to demand repleader sua sponte").

Although Plaintiffs' complaint in this case contains detailed factual allegations, it is a shotgun pleading because it frustrates the ability of the Court and Defendants to discern which of those factual allegations are intended to support the claims Plaintiffs assert in each count. The complaint makes the fundamental error of incorporating all previous paragraphs in each count, thus "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321. This manner of pleading "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only

pertain to the incorporated counts." McInteer, 470 F.3d at 1354 n.6.

This error is compounded by the fact that Plaintiffs – all eight of them - repeatedly combine their distinct claims into a single cause of action, including a number of counts brought by all eight Plaintiffs against all seven Defendants.[1] By failing to specify which factual allegations are intended to support which causes of action, and by repeatedly lumping the heterogenous claims of all eight Plaintiffs into a single count (often against multiple Defendants), Plaintiffs' complaint makes it extremely difficult to isolate the factual allegations that are intended to support each Plaintiff's claims against the various Defendants.[2] Furthermore,

---

[1] In their response briefs dated February 8, 2022, Plaintiffs stated that they were voluntary withdrawing their claims for civil conspiracy against all Defendants, their claims against Defendant Meeks-Rydell in her official capacity, and their non-Title IX claims against the University of South Alabama. (Doc. 47 at 6 n.1 & 2; Doc. 48 at 7-8 n.1 & 2).

[2] The problems created by Plaintiffs' pleading style are aptly described in Defendant Meeks-Rydell's reply in support of her partial motion to dismiss, as follows:

> In pleading their claims for invasion of privacy, Plaintiffs state: "Paragraphs 1 through 229 are incorporated herein as if set forth in full." This pleading style requires Meeks-Rydell, the other defendants and this Court to determine which of the previous 229 paragraphs support the claim of invasion of privacy for eight different plaintiffs.
>
> . . . .

(Continued)

the complaint is rife with labels and conclusions that significantly increase the length and repetitiveness of the complaint without adding any factual substance to Plaintiffs' allegations.

The pleading issues described above frustrate the Court's ability to determine whether Plaintiffs have stated claims upon which relief can be granted. Despite that, Defendants have attempted to interpret the complaint in order to raise substantive arguments demonstrating that Plaintiffs failed to state claims for relief. However, the Court finds that dismissal on the grounds asserted in Defendants' motions is not appropriate at this time in light of the shotgun nature of the complaint. See Magluta, 256 F.3d at 1284 (refusing to "decide whether some of [plaintiff's] claims were subject to dismissal under Rule 12(b)(6), leaving for another day a decision about other claims following repleading on remand," because "[p]iecemeal adjudication of that kind does not promote judicial efficiency"); Madak v. Nocco, 2018 U.S. Dist. LEXIS 207790, at *7, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018) ("Because the Complaint is a shotgun complaint, repleader is

---

> Just as with their claim for invasion of privacy, Plaintiffs' outrage claim simply states: "Paragraphs 1 through 236 are incorporated herein as if set forth in full," provide a recitation of the elements of an outrage claim and then refer to *all* the Defendants in the remaining paragraphs of their claim for outrage.

(Doc. 53 at 2, 4) (internal record citations omitted).

necessary and the Court need not delve into the merits of the claims at this juncture."); Bennett v. Nationstar Mortg., LLC, 2015 WL 5294321, at *13 n.15 (S.D. Ala. Sept. 8, 2015) ("The Defendants advance several arguments to dismiss the breach of contract and FDCPA claims, but the undersigned declines to address those arguments until these claims are repleaded . . . .").

Instead, the undersigned submits that the motions to dismiss should be denied without prejudice to reassert the arguments therein, because the complaint is due to be dismissed *sua sponte* as a shotgun pleading. See Bonczyk v. Levene, 2020 U.S. Dist. LEXIS 182516, at *4, 2020 WL 5803057, at *2 (M.D. Fla. May 6, 2020) (finding *sua sponte* that the complaint was a shotgun pleading that made it extremely difficult to understand the claims asserted against Defendants or make sense of the pending motions to dismiss and responses thereto, and denying the motions to dismiss as moot, dismissing the complaint without prejudice, and directing plaintiff to file an amended complaint in compliance with Rules 8 and 10); Boardwalk Fresh Burgers & Fries, Inc. v. Wang, 2020 U.S. Dist. LEXIS 258848, at *5, 2020 WL 10319160, at *2 (M.D. Fla. Nov. 9, 2020) (denying motion to dismiss without prejudice, *sua sponte* dismissing complaint as a shotgun pleading, and granting leave to file amended complaint that is not a shotgun pleading); Myers v. Countrywide Home Loans, 2010 U.S. Dist. LEXIS 156277, at *5, 2010 WL 11647455, at *2 (N.D. Ga. May 26, 2010) (*sua sponte* striking

8

complaint as a shotgun pleading, directing plaintiff to file an amended complaint that complies with Rules 8(a) and 10(b), and recommending that defendant's motion to dismiss be denied as moot), report and recommendation adopted, 2010 U.S. Dist. LEXIS 156279, 2010 WL 11647457 (N.D. Ga. Sept. 2, 2010).

In dismissing a complaint on shotgun pleading grounds, "a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (citation omitted). "This initial repleading order comes with an implicit 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation omitted).

### III. CONCLUSION

Accordingly, it is recommended that Defendants' motions to dismiss (Docs. 41, 42, 52) be **DENIED without prejudice as moot**, that Plaintiffs' second amended complaint (Doc. 55) be **DISMISSED without prejudice**, and that Plaintiffs be ordered to file a third amended complaint that complies with Rules 8 and 10 by presenting each Plaintiff's claims for relief against each Defendant with sufficient clarity to permit Defendants and the Court to discern the factual basis for each claim raised.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **May, 2022.**

                                                    /S/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**